## STATE v. MARTIN B. CARRIGAN.

Submitted December 7, 1911—Decided March 13, 1912.

Section 212 of the Elections act (*Comp. Stat., p.* 2141) is unconstitutional because it attempts to add to the qualification of voters as prescribed by the constitution.

On error to Camden Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the plaintiff in error, *Harry C. Kramer, Albert S. Woodruff* and *Floyd H. Bradley.*

For the defendant in error, *Henry S. Scovel,* prosecutor of the pleas, and *Charles A. Wolverton,* assistant prosecutor.

The opinion of the court was delivered by

SWAYZE, J.  The only question involved in this case is the validity of the sentence.  The court, in addition to a term of imprisonment, pronounced judgment that the defendant be disfranchised as a voter and disqualified to hold any office of trust or profit within this state for two years.  The only authority for this addition to the penalty of imprisonment is section 212 of the act to regulate elections.  *Comp. Stat., p.* 2141.  The judgment is within the terms of that section, and is valid if the legislation itself is constitutional.  We think that the legislation is unconstitutional because it undertakes to add to the qualifications of voters as prescribed in the constitution itself.  It is settled in this court that this is beyond the power of the legislature.  *Allison* v. *Blake,* 28 *Vroom* 6; *Kimball* v. *Hendee, Id.* 307.  And these cases were approved in *McArdle* v. *Jersey City,* 37 *Id.* 590.  The object of article 2 of the constitution was to prescribe the qualifications of voters.  To permit the legislature to add to these qualifica-

tions would put it within the power of that body to change the whole basis of our government. If it can, as in this case, provide for the disfranchisement of a voter by the judgment of the court for a statutory crime, it can prescribe the same penalty for any offence which it may choose to create by statute, and, since its power to create offences is almost, if not quite, unlimited, it might disfranchise voters according to its own will. The framers of the constitution had in mind the possibility of disfranchisement after conviction of crime, and, by section 2 of article 2, they expressly authorize the legislature to pass laws to deprive persons of the right of suffrage who shall be convicted of bribery. The very fact that they gave this express power to the legislature and limited it to cases of bribery, is a sufficient indication that, in their judgment, the legislature ought not to have the power in other cases. If any additional authority is necessary, the cases in other states are collected in *Cooley Const. Lim.* (*6th ed.*) 79. The provision authorizing disqualification for office, so far as it relates to offices provided for in the constitution, stands on no better ground. In *Johnson* v. *State,* the Court of Errors and Appeals held that "when the constitution prescribes the manner in which an officer shall be appointed or elected, the constitutional prescription is exclusive, and it is not competent for the legislature to provide any other mode for obtaining, or holding, the office." 30 *Vroom* 535, 538. The same reasoning applies to the qualifications for office. It is unnecessary to decide whether the legislature may not prescribe the penalty of disqualification upon conviction for crime in the case of an office created only by statute. The language of section 212, and the judgment in the present case, make no distinction between constitutional offices and statutory offices.

The judgment, therefore, is erroneous, and must be reversed; but this reversal does not prevent the court from imposing a proper sentence. By section 144 of the Criminal Procedure act, it is provided that "when a final judgment in a criminal case shall be reversed on account of error in the sentence, the court in which such reversal was had may render such judgment therein as should have been rendered, or may

remand the case for that purpose to the court before which the conviction was had." We think that in the present case the better course is to remand the case, in order that the trial court may impose a proper sentence. The judgment is therefore reversed and the record remanded for further proceedings as indicated.